**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| UNITED STATES OF AMERICA, : | |
| Plaintiff, : | |
| : | Criminal No. 97-053 (JAG) |
| v. : | |
| : | **ORDER** |
| JOHN YELDELL, : | |
| Defendant. : | |

**GREENAWAY, JR., U.S.C.J.**[1]

    This matter comes before this Court on the motion of the defendant, John Yeldell ("Defendant"), "for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offenses," requesting that this Court reduce his sentence, pursuant to 18 U.S.C. § 3582(c)(2).[2] Defendant argues that this Court should recalculate his sentence under Amendment 706—the amendment to the United States Sentencing Guidelines (U.S.S.G.) that, retroactively, lowered the

---

    [1] Sitting by designation on the District Court

    [2] 18 U.S.C. § 3582(c)(2) provides that:
        [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

    18 U.S.C. § 3582(c)(2) (emphasis added).

base offense levels for certain cocaine bases offenses.

On April 19, 1998, Defendant pleaded guilty to intent to distribute, and possession with intent to distribute, crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). On April 26, 2000, this Court sentenced Defendant to 180 months imprisonment.

This Court did not rely on the Sentencing Guideline drug quantity table, under section 2D1.1(c), because Defendant is a career offender. Due to Defendant's career offender status, this Court calculated Defendant's sentencing guidelines range under the Guidelines section applicable to career offenders, U.S.S.G. § 4B1.1(b).

"Amendment 706 only affects calculation under § 2D1.1(c), and the lowering of the base offense level under § 2D1.1(c) has no effect on the application of the career offender level required by § 4B1.1." United States v. Mateo, 560 F.3d 152, 155 (3d Cir. 2009).

The Third Circuit has recently observed that "[t]o be entitled to a reduction of sentence, a defendant's sentencing range must have been lowered by recalculation based on the amended base offense level." Id. at 154; see U.S.S.G. § 1B1.10(a)(2)(B). "Because Amendment 706 does not lower [Defendant's] sentencing range due to his status as a career offender, he may not seek reduction in sentence under [18 U.S.C.] § 3582(c)(2)." Mateo, 560 F.3d at 155.[3]

This Court having reviewed the submissions of the parties, and good cause appearing,

IT IS on this 18th day of March, 2010,

ORDERED that Defendant's motions to reduce his sentence (Docket Entry Nos. 67 and

---

[3] Defendant is not otherwise eligible for a reduction in sentence, pursuant to 18 U.S.C. § 3582(c)(2), because the United States Sentencing Commission has not lowered the sentencing range applicable to career offenders under U.S.S.G. § 4B1.1(b).

69) are DENIED;[4] and it is further

      ORDERED that a copy of this Order be served on all parties within seven (7) days of the date of entry of this Order.

                                      S/Joseph A. Greenaway, Jr.
                                      JOSEPH A. GREENAWAY, JR., U.S.C.J.
                                      (Sitting by designation on the District Court)

---

[4] Defendant's supplemental submission, in support of his motion to reduce his sentence, is improperly listed on the docket as a separate motion.